*Niang v. Barr*

BIA
Hom, IJ
A073 048 664

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of July, two thousand nineteen.

PRESENT:
ROSEMARY S. POOLER,
BARRINGTON D. PARKER,
RICHARD C. WESLEY,
*Circuit Judges.*

_____

FODE NIANG,
*Petitioner,*

v.                                                16-3869
                                                  NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:            Edward J. Cuccia, Cuccia & Campise,
                           PLLC, New York, NY.

FOR RESPONDENT:            Chad A. Readler, Acting Assistant
                           Attorney General; Alison Marie
                           Igoe, Daniel I. Smulow, Senior

Counsel for National Security,
Office of Immigration Litigation,
United States Department of
Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Fode Niang, a native and citizen of Senegal, seeks review of an October 18, 2016, decision of the BIA affirming a November 18, 2015, decision of an Immigration Judge ("IJ") denying both Niang's application for asylum and withholding of removal and his request for administrative closure based on his material support for a terrorist organization. *In re Fode Niang,* No. A073 048 664 (B.I.A. Oct. 18, 2016), *aff'g* No. A073 048 664 (Immig. Ct. N.Y.C. Nov. 18, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review

2

are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

An alien who has engaged in a terrorist activity is statutorily ineligible for asylum, withholding of removal, and adjustment of status. *See* 8 U.S.C. §§ 1158(b)(2)(A)(v), 1255(a), 1231(b)(3)(B)(iv). "Terrorist activity" includes, among other things:

> any activity which is unlawful under the laws of the place where it is committed (or which, if it had been committed in the United States, would be unlawful under the laws of the United States or any State) and which involves . . . [t]he use of any . . . firearm . . . (other than for mere personal monetary gain), with intent to endanger, directly or indirectly, the safety of one or more individuals or to cause substantial damage to property.

*Id.* § 1182(a)(3)(B)(iii)(V)(b). Engaging in terrorist activity includes, inter alia, committing an act that "the actor knows, or reasonably should know, affords material support" to a terrorist organization, where the actor cannot demonstrate by clear and convincing evidence that he "did not know, and should not reasonably have known, that the organization was a terrorist organization." *Id.* § 1182(a)(3)(B)(iv)(VI)(dd). A "terrorist organization" is

3

defined, in relevant part, as an organization "that is a group of two or more individuals, whether organized or not, which engages in, or has a subgroup which engages in [terrorist activity]." *Id.* § 1182(a)(3)(B)(vi)(III). The Government bears the initial burden of establishing that "the evidence indicates" that the material support bar may apply, and the alien must then prove by a preponderance of the evidence that the material support bar does not apply. *See* 8 C.F.R. § 1240.8(d); *see also In re R-S-H*, 23 I. & N. Dec. 629, 640-41 (B.I.A. 2003).

We find no error in the agency's conclusions that Niang's participation in armed conflict in Senegal as a member of the Movement of Democratic Forces of Casamance ("MFDC") barred asylum, withholding of removal, and adjustment of status. First, the Government established that the MFDC is a terrorist organization through reports detailing the MFDC's insurgent activities during the years of Niang's membership (1990 to 1992). Niang does not challenge this determination.

Second, Niang's statements in his 1993 asylum application and 1997 asylum interview were sufficient to establish that Niang provided material support to the MFDC. Namely, Niang

4

stated that while a member of the MFDC, he was a "notorious fighter" and "avid proponent against the government" who shot at Senegalese troops. Certified Administrative Record at 500.

Although Niang contends that the 1993 application was a complete fabrication, he has not provided compelling evidence to support his allegation that he was not in Senegal between 1990 and 1992. That allegation conflicts with his initial statements, and the documentary evidence does not place him, as he claims, in Gabon for that period. Given Niang's conflicting accounts of his whereabouts and activities, the agency was not required to accept his disavowal. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence.").

Given the evidence that the MFDC is a terrorist organization, that Niang was an active member of the MFDC from 1990 to 1992, and Niang's failure to challenge the designation or argue that he was unaware of the nature of the MFDC's activities, the record does not compel reversal of the IJ's determination that Niang provided material support to a

terrorist organization. *See Yanqin Weng*, 562 F.3d at 513 ("[W]e uphold the IJ's factual findings if they are supported by 'reasonable, substantial and probative evidence in the record.'" (citation omitted)).

To the extent Niang separately argues that the agency should have granted administrative closure, there was no basis for closure because Niang is barred from adjustment of status. *See* 8 U.S.C. § 1182(a)(3)(B)(iv)(VI)(dd) (alien who provided material support to terrorist organization is inadmissible to the United States); *id.* § 1255(a) (alien must be admissible to the United States in order to adjust status); *Am. Acad. of Religion v. Napolitano*, 573 F.3d 115, 118 (2d Cir. 2009) ("The INA renders inadmissible, and therefore ineligible for a visa, . . . an alien who has 'engaged in a terrorist activity.'"). Moreover, the Attorney General's decision in *Matter of Castro-Tum*, 27 I. & N. Dec. 271, 275-78, 283-84, 290-92 (A.G. 2018), now precludes the IJ or BIA from granting administrative closure except in specific circumstances not relevant here.

For the foregoing reasons, Niang's petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7